**UNITED STATES of America,**
**Plaintiff,**

v.

**Raul Santiago GONZALES–GARCIA,**
**and Eliseo Caldera Alvarez, Jr.,**
**Defendants.**

**No. 1:98:CR:110.**

United States District Court,
W.D. Michigan,
Southern Division.

July 13, 1999.

John C. Bruha, U.S. Attorney's Office, Grand Rapids, MI, for U.S.

Lawrence J. Phelan, Grand Rapids, MI, Keith A. Spielfogel, Chicago, IL, for Raul Santiago Gonzales–Garcia, defendant.

Paul J. Denenfeld, Asst. Federal Public Defender, Grand Rapids, MI, David Stebbins, David C. Stebbins, Columbus, OH, for Eliseo Caldera Alvarez, Jr., defendant.

### OPINION

QUIST, District Judge.

The Court has before it the Government's Motion for Reconsideration of the Court's June 22, 1999, Order granting Defendants, Eliseo Caldera Alvarez, Jr. ("Alvarez") and Raul Santiago Gonzales–Garcia ("Gonzales–Garcia"), separate trials based upon a confession given by Gonzales–Garcia which the Government intends to introduce at trial. The Court granted Alvarez's motion in limine seeking

separate trials on the grounds that Gonzales–Garcia's confession, which also implicates Alvarez in the crime, presents a Confrontation Clause issue under the Supreme Court's decision in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which cannot be cured through redaction. For the reasons set forth below, the Court will deny the motion for reconsideration.

Alvarez and Gonzales–Garcia have been charged with marijuana conspiracy and the drug-related homicide of Edward Perez ("Perez"). The Government alleges that Perez was a marijuana dealer in the Grand Rapids area and that Alvarez was his primary supplier. The Government also alleges that Alvarez, Gonzales–Garcia, and others would deliver the marijuana to Perez. Perez was murdered in the barn on his farm during the late evening of June 20, 1996, or the early morning of June 21, 1996. On July 21, 1998, investigators interviewed Gonzales–Garcia at the Lopez State Jail in Edinburg, Texas. During the interview, Gonzales–Garcia admitted that he and Alvarez were at the Perez barn the night Perez was killed. Gonzales–Garcia admitted to handcuffing Perez, but claimed that he was outside the barn having a cigarette and that Alvarez was inside the barn when Perez was killed. Gonzales–Garcia claimed that when he returned to the barn, he found Perez lying on his stomach and covered with blood.

### Discussion

In *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that admission in a joint trial of a non-testifying co-defendant's confession which implicates another defendant violates that defendant's right of cross-examination under the Confrontation Clause of the Sixth Amendment, notwithstanding instructions to the jury that the confession must be disregarded in determining the guilt of the defendant who did not make the confession. The nontestifying codefendant in *Bruton* confessed his involvement in the crime and named and incriminated Bruton as a participant in the crime. *See Bruton*, 391 U.S. at 126, 88 S.Ct. at 1622. The Court found that in such circumstances, the established legal principal that jurors are presumed to follow the trial court's instructions—in that case, to consider the confession only with regard to the defendant who gave the statement—must be disregarded because of the substantial risk to the defendant's right to confront witnesses who testify against him. *See id.* at 135–37, 88 S.Ct. at 1627–28.

The Court limited the scope of *Bruton* in a subsequent case, *Richardson v. Marsh*, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). *Richardson* involved three defendants who committed felony murder in the perpetration of an armed robbery. During the joint trial of two of the defendants, Williams and Marsh, a confession made by Williams, was admitted into evidence. The confession was redacted to omit any reference to Marsh and gave no indication that anyone other than Williams and the third defendant had participated in the crime. The material portion of the confession concerned a conversation that occurred between Williams and the third defendant while they were in the car on the way to the crime scene, in which they discussed killing the victims after the robbery. When Marsh took the stand, she testified that she was in the back seat of the car when the conversation occurred but did not hear the conversation. During the closing argument, the prosecutor admonished the jury not to use the confession against Marsh, but linked her to the conversation in the car in Williams' confession through her own admission that she was in the back seat. The trial court instructed the jury that Williams' confession was not to be used against Marsh.

The Supreme Court held that use of the redacted confession did not violate the Confrontation Clause because there was a material distinction between Williams' confession and the confession in *Bruton*. *See Richardson*, 481 U.S. at 208, 107 S.Ct. at 1707. The Court observed that "[i]n *Bruton*, the codefendant's confession 'express-

ly implicat[ed]' the defendant as his accomplice ... [and therefore] there was not the slightest doubt that it would prove 'powerfully incriminating.' By contrast ... the [Williams] confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial (the defendant's own testimony)." *Id.* (quoting *Bruton*) (citations omitted). Thus, the Court attempted to draw a pragmatic line between confessions that are "incriminating on [their] face" and confessions "requiring linkage," i.e., introduction of other evidence to tie the non-confessing defendant into the circumstances of the confession. *Id.* at 208, 107 S.Ct. at 1708. The Court reasoned that "[i]f limited to facially incriminating confessions, *Bruton* can be complied with by redaction—a possibility suggested in the opinion itself [, but] [i]f extended to confessions incriminating by connection, not only is that not possible, but it is not even possible to predict the admissibility of a confession in advance of trial." *Id.* at 208–09, 107 S.Ct. at 1708 (citation omitted). Therefore, the Court held that there is no Confrontation Clause violation when a nontestifying codefendant's confession is admitted and a proper limiting instruction is given where "the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Id.* at 211, 107 S.Ct. at 1709.

In the recent case of *Gray v. Maryland,* 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998), the Court answered the question it left open in *Richardson,* namely, "whether redaction that replaces a defendant's name with an obvious indication of deletion, such as a blank space, the word 'deleted,' or a similar symbol, still falls within *Bruton's* protective rule." *Gray,* 118 S.Ct. at 1155. The confession in *Gray,* like the confession in *Bruton,* referred to and directly implicated the nonconfessing defendant as a participant in the crime. Unlike *Richardson,* the prosecution merely replaced the nonconfessing defendant's name with the word "deleted" without removing the references to the *existence* of the nonconfessing defendant. The Court

held that such statements "so closely resemble *Bruton's* unredacted statements that, in our view, the law must require the same result." *Id.* As support for its conclusion, the Court gave examples of conclusions that three hypothetical jurors may draw from such a redaction.

Consider a simplified but typical example, a confession that reads "I, Bob Smith, along with Sam Jones, robbed the bank." To replace the words "Sam Jones" with an obvious blank will not likely fool anyone. A juror somewhat familiar with criminal law would know immediately that the blank, in the phrase "I, Bob Smith, along with [blank space], robbed the bank," refers to defendant Jones. A juror who does not know the law and who therefore wonders to whom the blank might refer need only lift his eyes to Jones, sitting at counsel table, to find what will seem the obvious answer, at least if the juror hears the judge's instruction not to consider the confession as evidence against Jones, for that instruction will provide an obvious reason for the blank. A more sophisticated juror, wondering if the blank refers to someone else, might also wonder how, if it did, the prosecutor could argue the confession is reliable, for the prosecutor, after all, has been arguing that Jones, not someone else, helped Smith commit the crime.

*Id.*

While the Court in *Gray* did hold that the confession, as redacted, ran afoul of the *Bruton* rule, it noted that by making slight alterations to the substance of the confession, any Confrontation Clause problem could be avoided. Specifically, the Court observed that in response to the question, "Who was in the group that beat Stacey?", the answer "Me, deleted, deleted, and a few other guys" could be changed to "Me and a few other guys" without violating *Bruton.* *Id.* at 1157. Thus, *Gray* establishes that redactions are appropriate if they do not lead to the inference that a specific person was named in the confession and protect the identity of the nonconfessing codefendant.

■ Based upon its interpretation of *Bruton, Richardson,* and *Gray,* this Court believes that the question regarding whether a redacted statement is admissible under the confrontation clause boils down to this: Does the person who made the statement point an accusatory finger at someone else, and can that person be identified, without further evidence, as the co-defendant. If the answer to that question is "yes", then the redacted statement is not admissible. *See United States v. Peterson,* 140 F.3d 819, 822 (9th Cir.1998).

■ This Court has seriously considered the government's Motion for Reconsideration of this Court's Order of June 22, 1999, in light of *Richardson* and *Gray,* and has read the other cases cited by the government. In addition, this Court has read the attachments to the government's brief. This Court's statement that redaction would be insufficient "if the statement still indicates that someone in addition to the person making the statement was involved in the crime" was probably unclear in that the Court meant to limit the reference of the "someone" to someone involved in this particular case, i.e., the "defendant" Mr. Alvarez. The problem with the proposed redaction is still two-fold. First, although the statement does not have a literal blank or asterisk, it has a logical blank and asterisk. The redacted statement says, in part:

> Pollo and Ed Perez went to the barn. Pollo stated he grabbed Ed Perez by his shoulder and arm and put handcuffs on Ed Perez. Pollo indicated Ed Perez was handcuffed behind his back. Pollo stated that he left the barn to have a cigarette[.] Pollo then returned inside the barn[.] Pollo said Ed Perez was all covered with blood. Ed Perez' feet were tied together and Ed was lying on the floor on his stomach. Pollo said he did shake Perez' face and grabbed his mouth. While doing this, Pollo said, "wake up, what's wrong". Pollo didn't get a response. Pollo said he didn't take part in the beating[.] Pollo said there was a piece of duct tape, gray in color, by Ed's head. Pollo said there wasn't any tape on Ed's face while Pollo was there. Pollo picked up the tape[.] Pollo said he didn't put the gray tape on Ed Perez. Pollo said he didn't remember seeing a knife. Pollo said he didn't bring any weapons in the barn or take any weapons out of the barn. Pollo said he left the Perez residence[.]

No reasonable juror could hear and understand this redacted statement without understanding that someone's name was being kept out. No literal blank or asterisk is necessary to lead the jury to a very incriminating conclusion vis-a-vis Alvarez—that is, that someone who was with Gonzales–Garcia and not Gonzales–Garcia, actually killed Ed Perez. The sophisticated and unsophisticated jurors would have the same questions and would draw the same conclusions as supported the Supreme Court's conclusion in *Gray,* i.e., that Alvarez, the only other guy at the defense table, did it. In other words, the inference that could be drawn in this case is the immediate type of inference described in *Gray. See Gray,* 118 S.Ct. at 1157 (stating that "[t]he inferences at issue here involve statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial"). Second, in the instant case, Alvarez is the only person who could possibly fit into Gonzales–Garcia's confession as the missing link to the murder of Ed Perez, as the Government is alleging that Gonzales–Garcia and Alvarez were the only persons present when Perez was murdered. Therefore, the statement at issue in this case is not materially different from the statement in *Gray.*

### Conclusion

For the foregoing reasons, the Court will deny the Government's Motion for Reconsideration.